IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMIE ALAN ABRAMS, # 278709, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:14cv141-WKW |
| | ) | (WO) |
| CARTER F. DAVENPORT, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Jamie Alan Abrams ("Abrams"). Doc. No. 1.[1] After careful review, the undersigned finds that Abrams is not entitled to habeas relief and that his petition should be denied without an evidentiary hearing. Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

## I. BACKGROUND

On May 10, 2011, a Houston County jury found Abrams guilty of aggravated child abuse, in violation of § 26-15-3.1, Ala. Code 1975. At trial, the State presented evidence that the 7-month-old victim sustained serious burns to his skin, consistent with hot-liquid burns, while left in the care of Abrams, who was the boyfriend of the victim's grandmother. On June 22, 2011, the trial court sentenced Abrams as a habitual felony offender to life in prison.

---

[1] Document numbers ("Doc. No.") are those assigned by the Clerk of Court in this action. Page references are to those assigned by CM/ECF.

Abrams appealed to the Alabama Court of Criminal Appeals, asserting the following claims:

1. The State's evidence was insufficient to sustain his conviction for aggravated child abuse.

2. The trial court's jury instructions regarding intent were erroneous, misleading, and incomplete.

3. The trial court was without jurisdiction to enhance his sentence under § 13A-5-9, Ala. Code 1975, the Habitual Felony Offender Act ("HFOA"), because the statute proscribing aggravated child abuse, § 26-15-3.1, Ala. Code 1975, is not included in Title 13A, the Alabama Criminal Code.

4. The trial court erroneously admitted the two prior out-of-state convictions used to enhance his sentence under the HFOA because the State did not prove those convictions.

*See* Doc. No. 10-8.

On April 13, 2012, by unpublished memorandum opinion, the Alabama Court of Criminal Appeals affirmed Abrams's conviction and sentence.  Doc. No. 10-8.  Abrams did not file a petition for certiorari with the Alabama Supreme Court.

However, on May 31, 2012, Abrams filed a petition for post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure, in which he asserted claims that his trial counsel rendered ineffective assistance by:

(1) failing to properly investigate the case in preparation for trial and failing to communicate with him regarding viable defenses;

(2) failing to hire an expert to refute expert testimony provided by the State regarding the victim's wounds;

2

      (3)      failing to object to the trial court's jury charge as misleading, confusing, or inadequate;

      (4)      failing to contact, subpoena, or present testimony from potential relevant witnesses; and

      (5)      refusing to allow Abrams to testify at trial on his own behalf.

Doc. No. 10-1 at 13-18.

After the State responded, the trial court summarily denied Abrams Rule 32 petition. *See* Doc. No. 10-1 at 23.  Abrams appealed, and by order dated October 17, 2012, the Alabama Court of Criminal Appeals remanded the case for the trial court to take evidence and make specific findings on Abrams's claim that his trial counsel was ineffective for refusing to allow him to testify at trial.  Doc. No. 10-4.  After conducting an evidentiary hearing on the issue, the trial court entered an order finding that the decision not to testify at trial was Abrams's, not his attorney's, and consequently denied Abrams relief on this claim of ineffective assistance of counsel.  Doc. No. 10-2 at 29-31.

On return to remand, by an unpublished memorandum opinion entered on August 23, 2013, the Alabama Court of Criminal Appeals affirmed the trial court's judgment denying Abrams's Rule 32 petition, holding that Abrams's claims of ineffective assistance of counsel failed to establish deficient performance and prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984).  Doc. No. 10-5.  Abrams applied for rehearing, which was overruled.  He then filed a petition for writ of certiorari with the Alabama Supreme Court, which that court denied on November 15, 2013, issuing a certificate of judgment the same day.  Doc. Nos. 10-

6 & 10-7.

On February 28, 2014, Abrams filed this petition for writ of habeas corpus under § 2254 in which he reasserts the claims of ineffective assistance of counsel he presented to the state courts in his Rule 32 petition. *See* Doc. No. 1 at 5-12; Doc. No. 2. In addition, Abrams contends that the trial court failed to comply with the Alabama Court of Criminal Appeals' remand order when it made specific findings of fact as to only one of his claims following the evidentiary hearing on his Rule 32 petition. *See* Doc. No. 1 at 16; Doc. No. 2. The respondents argue that Abrams's claims were properly adjudicated on the merits by the state courts and that Abrams is not entitled to federal habeas relief. Doc. No. 10.

## II. DISCUSSION

### A.   Scope of Habeas Review for Claims Adjudicated on Merits by State Courts

"When it enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress significantly limited the circumstances under which a habeas petitioner may obtain relief." *Hardy v. Allen*, 2010 WL 9447204, at *7 (N.D. Ala. Sep. 21, 2010). To prevail on a § 2254 claim adjudicated on the merits by the state courts, a petitioner must show that a decision by the state courts was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d)(1) & (2); *see*

*Williams v. Taylor*, 529 U.S. 362, 404-05 & 412-13 (2000).

A state court's decision is "contrary to" federal law either if it fails to apply the correct controlling authority, or if it applies the controlling authority to a case involving facts "materially indistinguishable" from those in a controlling case, but nonetheless reaches a different result. *Williams*, 529 U.S. at 404-06; *Bell v. Cone*, 535 U.S. 685, 694 (2002). A state court's decision is an "unreasonable application" of federal law if it either correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or it extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. *Williams*, 529 U.S. at 407. "Objectively unreasonable" means something more than an "erroneous" or "incorrect" application of clearly established law, and a reviewing federal court may not substitute its judgment for the state court's even if the federal court, in its own independent judgment, disagrees with the state court's decision. *See Williams*, 529 U.S. at 411; *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003). The reviewing court "must determine what arguments or theories supported or ... could have supported[ ] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). "This is a 'difficult to meet,' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'" *Cullen v. Pinholster*, 536 U.S. 170, 181 (2011) (internal citations

omitted).

Federal courts are likewise directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**B.**   ***Strickland* Standard for Claims of Ineffective Assistance of Counsel**

The Alabama Court of Criminal Appeals applied the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), in determining that the Rule 32 court correctly denied Adams relief on his claims of ineffective assistance of counsel. *See* Doc. No. 10-5 at 2-10. *Strickland* sets forth the clearly established federal law on this issue, *see Pinholster*, 536 U.S. at 189, and requires that a petitioner alleging ineffective assistance of counsel establish that his counsel's performance was deficient and that he was actually prejudiced by the inadequate performance. *Strickland*, 466 U.S. at 687.

The elements to be considered are as follows:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. Thus, a petitioner must demonstrate that his counsel's performance "fell below an

6

objective standard of reasonableness," *id*. at 688, and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "Establishing these two elements is not easy: 'the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between.'" *Van Poyck v. Florida Dep't of Corrections*, 290 F.3d 1318, 1322 (11th Cir. 2002) (quoting *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995)).

An ineffective assistance of counsel claim is examined under the "totality of the circumstances." *House v. Balkcom*, 725 F.2d 608, 615 (11th Cir.1984). An attorney's performance is presumed to have been reasonable and must not be examined with the aid of judicial hindsight. *Messer v. Kemp*, 760 F.2d 1080, 1088 (11th Cir. 1985). A federal court must apply a "heavy measure of deference to counsel's judgments." *Singleton v. Thigpen*, 847 F.2d 668, 670 (11th Cir. 1988) (quoting *Strickland*, 446 U.S. at 691).

The reviewing court "may decline to reach the performance prong of the ineffective assistance test if convinced that the prejudice prong cannot be satisfied." *Waters*, 46 F.3d at 1510 (citing *Strickland*, 466 U.S. at 697). "[T]here is no reason for a court deciding an ineffective assistance of counsel claim to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

Here, because the state court ruled on the merits of Abrams's ineffective assistance of counsel claims, this court's § 2254 review under *Strickland* is another step removed from the original analysis, or as the Supreme Court puts it, "doubly deferential." *Burt v. Titlow*,

___ U.S. ___, ___, 134 S.Ct. 10, 13 (2013) (quotation marks and citation omitted); *see Tanzi v. Sec'y, Florida Dep't of Corr.*, 772 F.3d 644, 652 (11th Cir. 2014) (quoting *Burt*).

### 1. Counsel's Failure to Investigate Case and Communicate Regarding Viable Defenses

Abrams contends that his trial counsel rendered ineffective assistance by failing to properly investigate the case in preparation for trial and by failing to communicate with him regarding viable defenses. Doc. No. 1 at 5, 8. In particular, Abrams alleges that his counsel failed to communicate with him and ascertain that he was a recovering drug addict dependent on daily doses of methadone from a methadone clinic at the time of the offense.[2] *Id.* at 5. He maintains that presentation of evidence of his drug addiction would have undermined the prosecution's theory that he was a "responsible person" as defined by the aggravated-child-abuse statute.[3] *Id.*

---

[2] This is the only specific instance of "failure to communicate" alleged by Abrams in his Rule 32 petition. *See* Doc. No. 10-1 at 14-15. Consequently, it was the only specific instance addressed by the state courts. In his § 2254 petition, Abrams suggests for the first time that his trial counsel's failure to communicate with him resulted in counsel's failure to learn of, and speak to, a potential witness who Abrams claims was "left with the victim at the time the victim was injured." Doc. No. 1 at 8. Abrams does not identify this individual or elaborate on the nature of exculpatory evidence that his counsel could have obtained from this individual. Thus, he does he demonstrate that he was prejudiced as a result of his counsel's failure to learn of and speak to this individual. Furthermore, because this specific allegation was not presented to the state courts, it is procedurally defaulted, and Abrams does not demonstrate cause excusing the default. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Henderson v. Campbell*, 353 F.3d 880, 891-92 (11th Cir. 2003).

[3] Section 26-15-3.1, Ala. Code 1975, states the offense of aggravated child abuse, as follows:

> (a) A responsible person, as defined in Section 26-15-2, commits the crime of aggravated child abuse if he or she does any of the following:

> ....

Abrams presented this claim in his Rule 32 petition (Doc. No. 10-1 at 14-15), and it was denied by the trial court.  The Alabama Court of Criminal Appeals affirmed the trial court, finding that Abrams had failed to plead facts showing he was not a "responsible person" at the time of the offense but instead had alleged facts showing only that he was a recovering drug addict undergoing treatment.  Doc. No. 10-1 at 4.  Such facts, the court reasoned, "do not show that he was not responsible for his actions at the time of the offense." *Id*.  Accordingly, the court held that Abrams had failed to support his claim of ineffective assistance of counsel.  *Id*.

The state-court decision was neither contrary to, nor an unreasonable application of, clearly established federal law, *see* 28 U.S.C. § 2254(d)(1), nor did it involve an unreasonable determination of the facts in light of the evidence presented, *see* 28 U.S.C. § 2254(d)(2).  The presentation of evidence that Abrams was a recovering drug addict would not have undermined Abrams's status as a "responsible person" under the aggravated-child-

---

(3) He or she violates the provisions of Section 26-15-3 which causes serious physical injury, as defined in Section 13A-1-2, to the child.

(b) The crime of aggravated child abuse is a Class B felony.

Section 26-15-3, Ala. Code 1975, provides: "A responsible person, as defined in Section 26-15-2, who shall torture, willfully abuse, cruelly beat, or otherwise willfully maltreat any child under the age of 18 years shall, on conviction, be guilty of a Class C felony."

Section 26-15-3(4), Ala. Code 1975, defines a "responsible person" as "[a] child's natural parent, stepparent, adoptive parent, legal guardian, custodian, or any other person who has the permanent or temporary care or custody or responsibility for the supervision of a child."

abuse statute.  *See* § 26-15-3(4), Ala. Code 1975.  Thus, Abrams demonstrates no reasonable likelihood that his counsel's failure to investigate and ascertain that he was a recovering addict affected the outcome of the proceedings.  There was no error in the state court's decision holding that Abrams did not prove ineffective assistance of counsel under the standard of *Strickland*.  Therefore, Abrams is not entitled to habeas relief on this claim.

### 2.    Failure to Obtain Expert Witness

Abrams contends that his trial counsel rendered ineffective assistance by failing to hire an expert to refute expert testimony provided by the State regarding the victim's wounds from scalding water.  Doc. No. 1 at 7.  He argues that such an expert could have countered the trial testimony of Dr. Melissa Peters regarding "regarding water temperatures, [the] nature of the victim's burns, [and] other possible scenarios."  *Id*.

Abrams asserted this ineffective-assistance claim in his Rule 32 petition (Doc. No. 10-1 at 15), and it was denied by the trial court.  The Alabama Court of Criminal Appeals affirmed the trial court, finding that Abrams failed to plead facts identifying what type of expert Dr. Peters was and specifics about Dr. Peters's testimony at trial.  Doc. No. 10-5 at 5.  The court concluded that Abrams made only "bare allegations that trial counsel erred in not hiring an expert to refute Dr. Peters's testimony and failed to plead with specificity how his trial counsel's failure to hire an expert to refute Dr. Peters's testimony prejudiced the outcome of his case at trial."  *Id*.

Here, except for Abrams's assertion of his personal belief that an expert could have

provided testimony favorable to his defense, nothing in the record before the court indicates that any expert has actually offered an opinion exculpatory of Abrams, or that Abrams has ever contacted an expert to discuss the matter.   Thus, the value of an expert to Abrams's defense remains entirely speculative.   In presenting this claim to the state courts, Abrams offered no evidence that an expert on water temperatures, burns, or "other possible scenarios" would have testified on his behalf at trial.   He merely speculates that such an expert could be found.   "Such speculation, however, is insufficient to establish prejudice." *Wildman v. Johnson*, 261 F.3d 832, 839 (9th Cir. 2001), citing *Grisby v. Blodgett*, 130 F.3d 365, 373 (9th Cir. 1997) (speculating as to what expert would say is not enough to establish prejudice).

For this reason, the Alabama Court of Criminal Appeals' found that Abrams did not demonstrate he was prejudiced by his trial counsel's failure to hire an expert to refute Dr. Peters's testimony.   Because the state-court decision rejecting this claim of ineffective assistance of counsel was neither contrary to, nor an unreasonable application of, clearly established federal law, and that decision did not involve an unreasonable determination of the facts in light of the evidence presented, Abrams is not entitled to habeas relief on this claim.

### 3.   *Failure to Object to Trial Court's Jury Charge*

Abrams contends that his trial counsel was ineffective for failing to object to the trial court's jury charge as misleading, confusing, or inadequate.   Doc. No. 1 at 12.

This claim of counsel's ineffective assistance, as asserted in Abrams's Rule 32 petition (Doc. No. 10-1 at 15-17), was denied by the trial court.  The Alabama Court of Criminal Appeals affirmed the trial court, addressing the claim as follows:

Abrams alleges that the trial court's charge to the jury did not "accurately reflect the law and the facts of Abrams's case, particularly as to the element of willful abuse or willful maltreatment or intent."  (C. 14.)  Specifically, Abrams contends that the trial court's instruction regarding intent inadequately explained a material element of the crime because the court should have charged the jury on willful or "criminal intent" to cause harm without any justification.  (C. 15.)  The trial court instructed the jury, in pertinent part, as follows:

"At this time, I'm going to give you the law as to the specific offense that Mr. Abrams is charged with.  A responsible person commits the offense of aggravated child abuse if he or she commits the offense of child abuse which causes serious physical injury.  A responsible person commits the offense of child abuse if he tortures, willfully abuses, cruelly beats or otherwise willfully maltreats any child under the age of 18 years. In order to convict the defendant of the offense of aggravated child abuse, the State must prove beyond a reasonable doubt each of the following elements:  That the defendant was a person responsible for the alleged victim, that the defendant intended to commit the offense of child abuse, that the defendant engaged in conduct constituting the offense of child abuse, that the defendant's conduct caused serious physical injury to the alleged victim and that the alleged victim was under the age of 18 years at the time of the alleged offense.

"The term responsible person means a child's natural parent, stepparent, adoptive parent, legal guardian, custodian or any other person who has the permanent or temporary care or custody or responsibility for the supervision of a child.  The term serious physical injury means physical injury which creates a substantial risk of death or which causes serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ.  A person

12

acts intentionally with respect to conduct constituting an offense when his purpose is to cause that result or to engage in that conduct.

"If you find from the evidence that the State has proved beyond a reasonable doubt each of the above elements of the offense of aggravated child abuse as charged, then you shall find the defendant guilty of aggravated child abuse. If you find from the evidence that the State has failed to prove beyond a reasonable doubt each of the above elements of the offense of aggravated child abuse as charged, then you cannot find the defendant guilty of aggravated child abuse.'"

(Record on Direct Appeal, R. 167-68.)

The trial court's instruction with regard to intent was correct and neither misleading, confusing, nor inadequate. We can find no error with the trial court's instructions. "[C]ounsel could not be ineffective for failing to raise a baseless objection." *Bearden v. State*, 825 So. 2d 868, 872 (Ala. Crim. App. 2001). Therefore, Abrams's claim that his counsel was ineffective for failing to object to the trial court's jury charge is meritless.

Doc. No. 10-5 at 6-8.

Abrams fails to demonstrate that any aspect of the trial court's jury charge was misleading, confusing, or inadequate. The Alabama Court of Criminal Appeals' finding and conclusion that Abrams's counsel was not ineffective for failing to object to the jury charge was neither contrary to, nor an unreasonable application of, clearly established federal law. Counsel cannot be ineffective for failing to assert a meritless claim. *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992). Therefore, Abrams is not entitled to habeas relief on this claim.

### 4.    Failure to Contact, Subpoena, or Present Testimony from Potential Witnesses

Abrams claims his trial counsel was ineffective for failing to contact, subpoena, or present testimony from potential relevant witnesses. *See* Doc. No. 1 at 7, 10.

Abrams does not specify in his § 2254 petition which potential witnesses his counsel should have contacted or called to testify on his behalf.  In his Rule 32 petition, he asserted only that his counsel was ineffective for failing to subpoena an individual named Catherine Hughes "regarding her knowledge of the victim's history of turning on the shower."[4]  Doc. No. 10-1 at 17.  In affirming the trial court's denial of relief on this claim, the Alabama Court of Criminal Appeals stated:

> With respect to Abrams's claim that trial counsel failed to subpoena Catherine Hughes regarding her knowledge of the victim's history of turning on the shower, Abrams alleges no facts whatsoever in his Rule 32 petition addressing this claim.  Indeed, Abrams alleges no facts establishing who Catherine Hughes is, the basis for her knowledge of the victim, or what specific evidence she could offer if she were called to testify at trial.  Accordingly, Abrams's claim is unsupported by sufficient facts and, therefore, insufficiently pleaded.

Doc. No. 10-5 at 5.

The record fully supports the Alabama Court of Criminal Appeals' characterization of Abrams's claim regarding Catherine Hughes.  His claim was cursory and unsupported. Further, Abrams presents this court with nothing showing that Hughes, or any other uncalled

---

[4] The court treats this claim as separate from Abrams's claim that his counsel was ineffective for failing to hire an expert witness to testify on his behalf, although the claims, as set out in his § 2254 petition, overlap in part.

14

witness, would have provided testimony favorable to his defense.  "[E]vidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or an affidavit.  A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim." *United States v. Ashimi*, 932 F.2d 643, 650 (7ᵗʰ Cir. 1991) (footnotes omitted).  There was no error in the state court's decision holding that Abrams did not prove ineffective assistance of counsel under the standard of *Strickland*.  That decision was neither contrary to, nor an unreasonable application of, clearly established federal law, and it did not involve an unreasonable determination of the facts in light of the evidence presented.  Therefore, Abrams is not entitled to habeas relief on this claim.

### 5.    *Counsel's Refusal to Allow Abrams to Testify*

Abrams argues that his trial counsel rendered ineffective assistance by refusing to allow him to testify on his own behalf at trial.  *See* Doc. No. 1 at 10.

The law is settled that a criminal defendant has a fundamental constitutional right to testify in his own behalf at trial.  *Rock v. Arkansas,* 483 U.S. 44, 49-52 (1987); *United States v. Teague,* 953 F.2d 1525, 1532 (11ᵗʰ Cir. 1992).  Thus, every criminal defendant is privileged to testify in his own defense or refuse to do so.  *Faretta v. California,* 422 U.S. 806, 834 n.45 (1975).  Defense counsel bears the primary responsibility for advising the defendant of his right to testify or not to testify, the strategic implications of each choice, and that it is ultimately for the defendant himself to decide.  *Teague,* 953 F.2d at 1533.  Because

15

the burden of ensuring that a criminal defendant is informed of the nature and existence of the right to testify rests upon trial counsel, it is, therefore, a component of effective assistance of counsel. *Id.*; *Sexton v. French,* 163 F.3d 874, 882 (4th Cir. 1998).

Pursuant to a remand order from the Alabama Court of Criminal Appeals, the trial court conducted an evidentiary hearing on this claim in Abrams's Rule 32 petition. *See* Doc. No. 1-3. At that hearing, Abrams's trial counsel and Abrams both testified. Following the hearing, the trial court entered an order denying Abrams's claim, finding in pertinent part:

> After considering the testimony and evidence presented, the Court finds as follows: Petitioner was aware of his right to testify on his own behalf. Trial counsel consulted with Petitioner on more than one occasion regarding whether Petitioner should testify and even engaged in a colloquy with the trial court regarding Petitioner's right to testify during which Petitioner was present. Trial counsel counseled Petitioner against testifying due to the potential detrimental effect that his testimony might have on his case. However, the decision as to whether to testify was made by Petitioner. Ultimately, Petitioner made a well informed decision not to testify.

Doc. No. 10-2 at 31.

In affirming the trial court's denial of relief on this claim, the Alabama Court of Criminal Appeals stated:

> At the hearing on remand, Abrams's trial counsel testified that he strongly recommended that Abrams not testify on his own behalf at trial. Trial counsel denied telling Abrams that he could not testify and denied threatening or coercing Abrams to not testify at trial. Although Abrams initially wanted to testify at trial, trial counsel stated that it was ultimately Abrams's decision not to testify. Abrams testified that he, in fact, wanted to testify and that trial counsel would not allow him to testify.
>
> "[W]here there are disputed facts in a postconviction proceeding and the circuit court resolves those disputed facts,

16

'[t]he standard of review on appeal ... is whether the trial judge abused his discretion when he denied the petition.'" *Boyd v. State*, 913 So. 2d 1113, 1122 (Ala. Crim. App. 2003) (quoting *Elliott v. State*, 601 So. 2d 1118, 1119 (Ala. Crim. App. 1992)). "When conflicting evidence is presented ... a presumption of correctness is applied to the court's factual determinations." *State v. Hamlet*, 913 So. 2d 493, 497 (Ala. Crim. App. 2005). As explained in *Brooks v. State*, 929 So. 2d 491 (Ala. Crim. App. 2005):

> "'The resolution of factual issue[s] required the trial judge to weigh the credibility of the witnesses. His determination is entitled to great weight on appeal.... "When there is conflicting testimony as to a factual matter ..., the question of the credibility of the witnesses is within the sound discretion of the trier of fact. His factual determinations are entitled to great weight and will not be disturbed unless clearly contrary to the evidence.'" *Calhoun v. State*, 460 So. 2d 268, 269-70 (Ala. Crim. App. 1984) (quoting *State v. Klar*, 400 So. 2d 610, 613 (La. 1981))."

929 So. 2d at 495-96.

Here, the circuit court's findings are fully supported by the evidence presented on remand. Although the evidence presented was conflicting, the circuit court weighed the evidence, determined the credibility of the witnesses, and resolved those conflicts adversely to Abrams. We find no abuse of discretion on the part of the circuit court and conclude that the denial of this claim by the circuit court was proper.

Doc. No. 10-5 at 9-10.

The state courts' characterization of the testimony presented at the evidentiary hearing is fully supported by the record. Abrams's trial counsel testified that he strongly advised Abrams against testifying at trial, but that the ultimate decision not to testify was made by

Abrams.[5]  *See* Doc. No. 10-3 at 13, 16-17.  Abrams testified that he wanted to testify at trial,

---

[5] The following pertinent exchange took place during questioning of Abrams's trial counsel at the evidentiary hearing:

> Q.    Well, it's true that he wanted to testify in his own behalf didn't he?
>
> A.    [Abrams's trial counsel]:  He certainly did.
>
> Q.    And isn't it true that you told him that he shouldn't testify?
>
> A.    I did.
>
> Q.    And that you effectively prevented him from testifying in his own behalf, didn't you?
>
> A.    There – Mr. Abrams very strongly wanted to tell a story.  I had real concerns about – I'm sorry.  I'm not answering the question.  I strongly discouraged him from testifying.  And, in fact, there was some testimony taken about my advice to him and his determination to testify.
>
> Q.    Right. And you told the Court that he might choose to testify against your recommendation to him that he not testify.  Correct?
>
> A.    I don't recall the exact words, but that would have been my intent.
> ...
>
> Jamie disclosed some things to me – or a different story prior to the trial.  He had a different explanation as to what he was doing when the child was burned than what had previously been told.  And he wanted to tell that.  And it was – it – it seemed to unnecessarily complicate the story.  And the – and I thought that it would cause the jury to like him perhaps even less.  And that was – and I was very concerned about that.  Also, his history, that would have – some of that would have come out, and that would have made him, I thought, even less credible.  But he wanted to testify.  And let me be clear about this:  It was his decision not to testify.  But I strongly recommend him not to, to the point of listen – listen to me, you cannot do this.
>
> Q.    Right. You told him that he couldn't testify?
>
> A.    You cannot do this because of what I believe the outcome will be.  Not that I – not that you cannot do this, because I will not allow it.  But I very strongly
>
>                                                         (continued...)

18

but that his trial counsel would not allow him to do so. *Id*. at 62-63. The credibility of these two witnesses and the resolution of their conflicting testimony were matters for the trial court, which found the testimony of Abrams's trial counsel to be credible and decided the issue adversely to Abrams.

In reviewing a state court's adjudication of a habeas claim, this court must presume the state court's factual determinations were correct. 28 U.S.C. 2254(e)(1). A petitioner may rebut this presumption of correctness by clear and convincing evidence. *Id*. Credibility findings made by state courts are entitled to the presumption of correctness. *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996), cert. denied, 520 U.S. 1257 (1997), overruled on other grounds by *In re Abdur'Rahman*, 392 F.3d 174 (6th Cir. 2004), judgment vacated by *Bell v. Abdur'Rahman*, 545 U.S. 1151 (2005); *Smith v. Jago*, 888 F.2d 399, 407 (6th Cir. 1989).

Abrams does not present clear and convincing evidence to overcome the presumption of correctness afforded the state court's findings. He fails to demonstrate that his counsel prevented him from testifying or that his will was overborne by his counsel's emphatic advice that it was against his interests to testify. *See Teague*, 953 F.2d at 1535-36. Consequently, he does not demonstrate that his trial counsel rendered ineffective assistance

---

[5](...continued)
          recommend him not to testify.

Doc. No. 10-3 at 13-17.

under the standard of *Strickland*.  The state-court decision denying relief on this claim was neither contrary to, nor an unreasonable application of, clearly established federal law, and it did not involve an unreasonable determination of the facts in light of the evidence presented.  Abrams is not entitled to habeas relief.

> **6.    Trial Court's Failure to Comply with State Appellate Court's Remand Order**

Throughout his § 2254 petition, Abrams maintains that the trial court failed to comply with the Alabama Court of Criminal Appeals' remand order on appeal from the denial of his Rule 32 petition when the trial court made specific findings of fact as to only one of his claims following the evidentiary hearing on his Rule 32 petition, specifically, his claim that his trial counsel rendered ineffective assistance by refusing to allow him to testify on his own behalf at trial.  *See, e.g.*, Doc. No. 1 at 16; Doc. No. 2.   A review of the Alabama Court of Criminal Appeals' remand order reflects that the appellate court remanded the case for the trial court to take evidence and make specific findings *only* on Abrams's claim that his trial counsel was ineffective for refusing to allow him to testify at trial.[6]  *See* Doc. No. 10-4.  By

---

[6] The appellate court's remand order stated in pertinent part:

> [T]his cause is REMANDED to the circuit court for it *to conduct an evidentiary hearing, or receive evidence in accordance with Rule 32.9(a), Ala.R.Crim.P., on Abrams's allegation that his trial counsel was ineffective because he refused to allow Abrams to testify at trial.  After considering the evidence, the trial court shall issue specific, written findings of fact addressing each material issue of fact presented.  Ex parte McCall*, 30 So. 3d 400 (Ala. 2008).  Rule 32.9(d), Ala. R. Crim. P.  If the circuit court determines that Abrams is entitled to relief, it may order such relief as it deems appropriate.  The return to remand shall include the trial court's written findings, a transcript of the evidentiary hearing, if one is conducted, and any evidence
>
> (continued...)

making specific findings of fact as to this claim alone, the trial court fully complied with the mandate of the Alabama Court of Criminal Appeals' remand order.

In any event, such an attack on an alleged deficiency in a state collateral proceeding does not entitle Abrams to federal habeas relief regarding his conviction, because it is an attack on a proceeding collateral to the detention and not the detention itself. *See Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995). Moreover, to the extent Abrams bases this claim on alleged violations of state law (e.g., Ala.R.Crim.P. 32.9), he is likewise entitled to no relief, because a state court's interpretation of its own laws and rules provides no basis for federal habeas relief. *Beverly v. Jones*, 854 F.2d 412 (11th Cir. 1988). A federal court has no authority to re-examine state court determinations on questions of state law. *Estelle v. McGuire*, 502 U.S. 62 (1991). Consequently, Abrams is due no relief regarding his claim that the trial court failed to comply with the Alabama Court of Criminal Appeals' remand order in his Rule 32 appeal.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case be DISMISSED with prejudice.

It is further ORDERED that the parties shall file any objections to this

_____

[6](...continued)
      the trial court relied upon in rendering its decision.

Doc. No. 10-4 at 2 (emphasis added).

Recommendation **on or before June 1, 2016.**  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 18th day of May, 2016.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

.

22